FILED

2011 Jul-14  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **DEBRA ELDER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 1:11-CV-1598-VEH** |
| | ) |
| **HONDA MANUFACTURING OF** | ) |
| **ALABAMA, LLC., LIFE** | ) |
| **INSURANCE COMPANY OF** | ) |
| **NORTH ALABAMA,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiff Debra Elder ("Elder") initiated this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, on May 13, 2011, against Defendants Honda Manufacturing of North America, LLC[1] ("Honda") and Life Insurance Company of North America[2].  (Doc. 1).

---

[1]  In its Motion to Dismiss, Honda states that it is incorrectly named in the Complaint and is properly titled Honda Manufacturing of Alabama, LLC.  (Doc. 12 at 1).  Plaintiff has not contested this assertion.  Therefore, the Clerk of Court is **DIRECTED** to change the name of this Defendant on the docket sheet.

[2]  On June 27, 2011, Elder amended her Complaint to correctly state the name of Defendant Cigna Group Insurance as Life Insurance Company of North America.  (Doc. 15).

This matter comes before the Court on Defendant Honda's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 12).  Elder failed to file a response to the Motion in the allotted time period and the Motion is now under submission.

## II.   STANDARD ON MOTION TO DISMISS

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added).  The court therefore "accept[s] as true the facts set forth in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).  "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims . . . across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1950-51 (internal quotation omitted).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Thus, "[a] district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth --- legal conclusions must be supported by factual allegations. The district court should

assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall*, 610 F.3d at 709-710.

## III.   BACKGROUND[3]

Elder was formerly employed by Honda.  (Doc. 1 at ¶ 4).  In connection with her employment, Elder was a participant in an employee welfare benefit plan.  *Id.* at ¶ 2.  Pursuant to the plan, Elder submitted a claim for long term disability benefits. *Id.* at ¶ 5.  Elder's plan was administered by Life Insurance Company of North America. *Id.* at ¶ 3.  Elder's claim was initially denied on March 3, 2007. *Id.* at ¶ 5. Elder completed Life Insurance Company of North America's administrative appeals process, and her claim was again denied on March 4, 2009. *Id.* Elder states that the denial was wrong, arbitrary and capricious, and not supported by the evidence. *Id.* at ¶ 7. Elder further states that she is entitled to retirement and life insurance benefits to be provided by Honda and seeks this Court's declaration of the parties' rights and obligations in that regard. *Id.* at ¶ 9.

## IV.   ANALYSIS

## A.   Count I

---

[3] The allegations in Elder's Complaint are taken as true for the purposes of this motion. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

4

In Count I of her Complaint, Elder demands judgment against Defendant or Defendants for accrued and future long-term disability benefits. *Id.* at ¶ 12.

"The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). In the Complaint, Elder alleges that Defendant Life Insurance Company of North America "administered and denied Plaintiff's claims for long term disability benefits." (Doc. 1 at ¶ 3). Elder further alleges that she followed Life Insurance Company of North America's appeals process. *Id.* at ¶ 8. There is no allegation that Honda exercised any responsibility or control over the determination of Elder's claim. Therefore, Count I is due to be dismissed against Honda.

## B.    **Count II**

In Count II of her Complaint, Elder requests a declaration of the parties' rights and obligations pertaining to all other benefits. *Id.* at ¶ 14.

"For a declaratory judgment to issue, there must be a dispute which 'calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.'" *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937)). The Complaint contains no allegation that Elder has ever made a claim for other benefits or that Honda has

refused to pay such a claim.  Thus, the question as to whether Elder is entitled to other benefits is hypothetical at this juncture.  Therefore, Count II is due to be dismissed against Honda.

## V.    CONCLUSION

Accordingly, for the reasons stated above, Honda's Motion to Dismiss is due to be **GRANTED**.  A separate order will be entered.

**DONE** and **ORDERED** this the 14th day of July, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge